STEVE HANLE, STATE BAR NO. 168876
shanle@sycr.com
DOUGLAS Q. HAHN, STATE BAR NO. 257559
dhahn@sycr.com
SALIL BALI, STATE BAR NO. 263001
sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:(949) 725-4000
Fax:(949) 725-4100

Attorneys For Plaintiffs
SecureAuth Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECUREAUTH CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MINIORANGE, INC., a New Jersey corporation; CHANDRA P. SOMANI, an individual; KIRTI SOMANI, an individual; SUSHMA SINGH, an individual; and DOES 1-10<br><br>Defendants. | Civil Case No.: 8:15-cv-00346-JVS-JCG<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. MISAPPROPRIATION OF TRADE SECRETS;**<br>**3. UNFAIR COMPETITION, UNDER 15 U.S.C. §1125(a);**<br>**4. BREACH OF CONTRACT;**<br>**5. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**6. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200,** *et seq.***;**<br>**7. FRAUD; AND**<br>**8. CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

REDACTED PUBLIC VERSION

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

Plaintiff SecureAuth Corporation ("SecureAuth") alleges as follows:

## NATURE OF THE CASE

1.      This is an action to enjoin, *inter alia*, the Defendants' unlawful copyright infringement, misappropriation of trade secrets and breach of contract. Under the causes of action pled herein, SecureAuth seeks a temporary restraining order, preliminary and permanent injunctive relief, and damages ███████████ ████████████████████████████████████████████ ████████████████.

## THE PARTIES

2.      Plaintiff SecureAuth is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 8965 Research Dr., Irvine, CA 92618.

3.      On information and belief, Defendant miniOrange, Inc. ("miniOrange") is a corporation existing under the laws of the State of New Jersey with its registered address at an apartment located at 806 Morris Turnpike, Suite 5A, Short Hills, NJ 07078.

4.      On information and belief, Defendant Chandra P. Somani ("Chandra") is an individual whom is a New Jersey resident, with a principal place of residence in Essex County, New Jersey.  Plaintiff is informed and believes, and thereon alleges, that Chandra is an officer, director and/or manager of miniOrange.

5.      On information and belief, Defendant Kirti Somani ("Kirti") is an individual whom is a New Jersey resident, with a principal place of residence in Essex County, New Jersey.  Plaintiff is informed and believes, and thereon alleges, that Kirti is an officer, director and/or manager of miniOrange.

6.      On information and belief, Defendant Sushma Singh ("Sushma") is an individual whom is a New Jersey resident, with a principal place of residence in Essex County, New Jersey.  Plaintiff is informed and believes, and thereon alleges,

COMPLAINT – PUBLIC VERSION

1    that Sushma is an officer, director and/or manager of miniOrange as well as
2    miniOrange's registered agent for service of process.

3        7.    SecureAuth is ignorant to the true names and capacities of the
4    Defendants sued as Does 1–10, inclusive, and therefore Plaintiff has sued them by
5    their fictitious names.  On information and belief, Does 1–10 were and are the
6    moving, active, conscious forces behind the infringement and violations of
7    SecureAuth's rights.  As such, Does 1–10 are liable to SecureAuth.

8        8.    On information and belief, miniOrange, Chandra, Kirti, Sushma;
9    and/or Does 1-10 are alter egos because, among other things:  miniOrange is
10   inadequately capitalized or insured to respond to claims against it; there is no
11   separation between the business activities of miniOrange and the personal
12   activities of Chandra, Kirti, Sushma, and/or Does 1-10; miniOrange has
13   disregarded corporate formalities; miniOrange is the mere instrumentality of
14   Chandra, Kirti, Sushma, and/or Does 1-10 and a shell with no independent
15   existence.  Given the alter ego relationship between miniOrange, Chandra, Kirti,
16   Sushma, and/or Does 1-10, Plaintiffs allege that fraud and/or injustice is likely to
17   occur if the separation of entities is not disregarded.

18       9.    Collectively, miniOrange, Chandra, Kirti, Sushma and Does 1-10 are
19   herein referred to as Defendants

20                   **SUBJECT MATTER JURISDICTION**

21       10.   This is a civil action arising under the laws of the United States
22   relating to the Copyright Act of 1976 (17 U.S.C. §501, *et. seq.*), the Lanham Act
23   (15 U.S.C. §1125(a),the California Uniform Trade Secrets Act, the California
24   Business and Professions Code, and the common law of the state of California.

25       11.   This Court has federal question jurisdiction over Plaintiff's claims
26   brought under the Copyright Act (17 U.S.C. §301) and the Lanham Act (15 U.S.C
27   §1121) pursuant to 28 U.S.C. §§ 1331 as well as 1338(a) and (b).  This Court has
28   supplemental jurisdiction over the claims under California law pursuant to 28

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1  U.S.C. § 1367 as those claims arise from the same case and controversy as the

2  Federal claims.

3  <u>**PERSONAL JURISDICTION AND VENUE**</u>

4      12.    This Court has personal jurisdiction over miniOrange pursuant to Cal.

5  Code of Civ. Pro. §410.10.  Based on an April 4, 2013 Consulting Agreement,

6  miniOrange has expressly submitted to the jurisdiction of the Federal District

7  Court for the Central District of California.  A true and correct copy of the

8  Consulting Agreement is attached hereto as **Exhibit A**.  Further, Plaintiff is

9  informed and believes, and thereon alleges, miniOrange has entered into an

10  agreement with its locus in California and is engaged in business activities in

11  California, and as such purposefully avails itself of the benefits and privileges of

12  California.

13      13.    This Court has personal jurisdiction over Chandra pursuant to Cal.

14  Code of Civ. Pro. §410.10.  Plaintiff is informed and believes, and thereon alleges,

15  that Chandra is an officer, director and/or manager of miniOrange and as such is a

16  moving, active and conscious force behind miniOrange's infringement and

17  unlawful activities complained of herein.  Further, Plaintiff is informed and

18  believes, and thereon alleges, that Chandra is engaged in business activities in

19  California, and as such purposefully avails himself of the benefits and privileges of

20  California.  Additionally, based on the April 4, 2013 Consulting Agreement

21  (Exhibit A, p. 5.), Plaintiff is informed and believes, and thereon alleges, that

22  Chandra, as an officer, director, manager and/or alter ego of miniOrange, has

23  submitted to the jurisdiction of the Federal District Court for the Central District of

24  California.

25      14.    This Court has personal jurisdiction over Kirti pursuant to Cal. Code

26  of Civ. Pro. §410.10.  Plaintiff is informed and believes, and thereon alleges, that

27  Kirti is an officer, director and/or manager of miniOrange and as such is a moving,

28  active and conscious force behind miniOrange's infringement and unlawful

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-3-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1    activities complained of herein.  Further, Plaintiff is informed and believes, and

2    thereon alleges, that Kirti is engaged in business activities in California, and as

3    such purposefully avails herself of the benefits and privileges of California.

4    Additionally, based on the April 4, 2013 Consulting Agreement (Exhibit A, p. 5.),

5    Plaintiff is informed and believes, and thereon alleges, that Kirti, as an officer,

6    director, manager and/or alter ego of miniOrange, has submitted to the jurisdiction

7    of the Federal District Court for the Central District of California.

8        15.    This Court has personal jurisdiction over Sushma pursuant to Cal.

9    Code of Civ. Pro. §410.10.  Plaintiff is informed and believes, and thereon alleges,

10   that Sushma is an officer, director and/or manager of miniOrange and as such is a

11   moving, active and conscious force behind miniOrange's infringement and

12   unlawful activities complained of herein.  Further, Plaintiff is informed and

13   believes, and thereon alleges, that Sushma is engaged in business activities in

14   California, and as such purposefully avails herself of the benefits and privileges of

15   California.  Additionally, based on the April 4, 2013 Consulting Agreement

16   (Exhibit A, p. 5.), Plaintiff is informed and believes, and thereon alleges, that

17   Sushma, as an officer, director, manager and/or alter ego of miniOrange, has

18   submitted to the jurisdiction of the Federal District Court for the Central District of

19   California.

20       16.    This Court has personal jurisdiction over Does 1–10 pursuant to

21   section 410.10 of the California Code of Civil Procedure because they have

22   committed a substantial portion of the acts that give rise to the claims in this action

23   within the State of California and it was foreseeable that their actions would cause,

24   and have caused, the injuries complained of herein within the State of California.

25       17.    Venue in this Judicial District is proper under 28 U.S.C. §§1391 and

26   1400, given that a substantial part of the acts, omissions, and transactions

27   complained of herein were conceived, carried out, made effective, and had effect

28   within the State of California and this Judicial District.  Further, Plaintiff is

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

informed and believes, and thereon alleges, that based on the April 4, 2013 Consulting Agreement (Exhibit A, p.5.), Defendants have submitted to venue in the Federal District Court for the Central District of California.

## GENERAL ALLEGATIONS

### SecureAuth

18.    Founded in 2005, SecureAuth designs, develops, and delivers highly secure but flexible identity enforcement solutions for corporations, government agencies, and service providers.  SecureAuth provides a unique solution which combines a single sign-on with two-factor (or three-factor) authentication within a single product across all platforms.

19.    The Company's flagship platform, the SecureAuth Identity Provider ("IdP") integrates authentication, single sign-on, and access control services in a single solution for mobile, cloud, Web, and VPN resources; turning any enterprise system into an identity provider capable of enforcing two-factor authentication in a single, cost-effective solution.  Two-factor authentication combines a form of identification a user knows, such as username and password, and combines it with something that the user has, such as a phone, e-mail, PIN, token, etc., to ensure that access is granted securely and appropriately.

20.    Bringing the same level of security and control to cloud applications that enterprises experience with on-premise applications, SecureAuth IdP makes multi-product deployments obsolete while minimizing risk, increasing productivity, and reducing management costs.  The Company also offers professional services, such as consulting, customized audit and reporting, and education services as well as technical support services.

21.    Given the rapidly growing security requirements of today's computing, cloud and mobile infrastructures SecureAuth has seen its IdP platform deployed across hundreds of customers in financial services, healthcare, retail, government, and other industries, including.  Some of the organizations using IdP

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1  include, without limitation: U.S. Department of Energy; Blue Cross/Blue Shield;

2  The U.S. General Services Administration; Oppenheimer Funds; Citrix;

3  ticketmaster; Eli Lilly; Southwest and Marvell Semiconductor.  The Company has

4  also developed strategic partnerships with industry leaders such as Google, Cisco,

5  Microsoft, Juniper, F5, and others.

6

7  **SecureAuth's Original Works Of Authorship And Trade Secrets**

8      22. ███████████████████████████████████

9  ██████████████████████████████████████████████

10 ████████████████████████████  SecureAuth also developed a

11 series of manuals and user guides.  All original works of authorship including,

12 without limitation, ██████████████████████████████

13 ████████  were created by the company or under a work-for-hire agreement.

14 ██████████████████████████████████████

15 ██████████████████████████████████████████████

16 ██████████████████████████████████████████

17 ██████████████████████████████████████

18 ████████████

19      24.    SecureAuth is the owner of all rights to and in the Copyright

20 Application No. 1-2166531811, titled "SecureAuth Custom Spring Authenticator

21 Setup," with a Date of First Publication of December 11, 2014.  Attached herein as

22 **Exhibit C** is a copy of the Application Filing Receipt from the U.S. Copyright

23 Office and the accompanying deposit material.

24 ████████████████████████████████████

25 ██████████████████████████████████████████████

26 ██████████████████████████████████████

27 ██████████████████████████████████████

28 ████████

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

26.     SecureAuth is the owner of all rights to and in the Copyright Application No. 1-2166531842, titled "SecureAuth Tomcat Authenticator Setup," with a Date of First Publication of August 12, 2014.  Attached herein as **Exhibit E** is a copy of the Application Filing Receipt from the U.S. Copyright Office and the accompanying deposit material.

28.     Collectively the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ "SecureAuth Custom Spring Authenticator Setup," ▇▇▇▇▇▇▇▇ "SecureAuth Tomcat Authenticator Setup," ▇▇▇▇▇▇▇ are the "SecureAuth Works."

29.     SecureAuth is the owner of all rights to and in its trade secrets, which include, without limitation: non-public confidential and proprietary information ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

30.     SecureAuth has taken all reasonable steps to protect the confidentiality of the SecureAuth Trade Secrets, including without limitation; restricting access to the SecureAuth Trade Secrets; restricting access to SecureAuth's premises and property; informing employees, officers, directors, independent contracts, and vendors that the SecureAuth Trade Secrets are

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1  confidential and must remain confidential; and by not publically disclosing the
2  SecureAuth Trade Secrets.

3      31.    SecureAuth has and continues to derive actual and significant
4  independent economic value from the SecureAuth Trade Secrets not being
5  generally known to the public or to competitors.

6

7  **The Agreements Between miniOrange And SecureAuth**

8      32.    In early 2013, miniOrange contacted and offered SecureAuth its
9  consulting services.

10     33.    MiniOrange held itself out to SecureAuth as a premier security
11 consulting and product development organization, founded by security software
12 programmers who were published in the security space and with backgrounds from
13 esteemed blue-chip organizations.

14     34.    In April 2013, the Parties entered into the Consulting Agreement
15 (Exhibit A), pursuant to which miniOrange was to assist in the development of
16 certain features and plug-ins for SecureAuth's products.

17     35.    The Consulting Agreement includes, *inter alia*, the following terms:

18         a.    A definition of **Confidential Information** which includes;
19             "…trade secrets, copyrights, ideas, techniques, know-how,
20             inventions (whether patentable or not), and/or any other
21             information of any type relating to firmware, computer
22             programs, computer code, software source documents, software
23             design and architecture, computer hardware, circuits, silicon
24             chip technology, testing procedures, product requirements and
25             specifications, devices, designs, configurations, documentation,
26             recorded data, schematics, master works, master databases,
27             algorithms, flow charts, formulae, works of authorship,

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2112778v2/101893-0001

1    mechanisms, research, manufacture, improvements, assembly,

2    installation, intellectual property…" (*See,* Exhibit A, p. 1)

3    b.    A definition of **Inventions** which includes "...software,

4    databases, algorithms, programs, trade secrets, works of

5    authorship… which are made by Consultant, alone or in

6    combination with others, either on behalf of the Company under

7    this Agreement, or with the use of or as a result of access to

8    Confidential Information or property, including but not limited

9    to any derivative work which constitutes an improvement or

10    modification to any tangible form of Confidential Information,

11    such as any design, drawing, or product that embodies

12    Confidential Information, and whether or not patentable,

13    copyrightable, or qualified for other intellectual property

14    protection." (*See, Id.*, p.2.)

15    c.    A **Confidentiality Obligation** indicating that "[miniOrange]

16    shall hold all Company Confidential Information in confidence

17    and may not disclose, use, copy, publish, summarize, or remove

18    from the premises of the Company any Confidential

19    Information, except as necessary to carry out the Consultant's

20    assigned responsibilities as a Company Consultant." (*See, Id.*)

21    d.    A provision relating to **Company Property** indicating that; "All

22    papers, records, data, notes, drawings, files, documents,

23    samples, devices, products, equipment, and other materials,

24    including copies and in whatever form, relating to the business

25    of the Company that the Consultant possesses or creates as a

26    result of the Consultant's service to the Company, whether or

27    not confidential, are the sole and exclusive property of the

28    Company." (*See, Id.*, p.3.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

e.    An **Ownership of Inventions** provision indicating that; "Any and all Inventions shall be the property of the Company, and any Inventions which are made by Consultant in performance of the Services under this Agreement, to the maximum extent permitted by law, shall be 'works made for hire.' The Consultant hereby assigns and agrees to assign to the Company or its designee, without further consideration, the Consultant's entire right, title, and interest in and to all Inventions, including all rights to obtain, register, perfect, and enforce patents, copyrights, mask work rights, and other intellectual property protection for Inventions." (*See, Id.*)

f.    An **Injunctive Relief** provision which states: "The Consultant acknowledges and agrees that damages will not be an adequate remedy in the event of a breach of any of the Consultant's obligations under this Agreement. The Consultant therefore agrees that the Company shall be entitled (without limitation of any other rights or remedies otherwise available to the Company and without the necessity of posting a bond) to obtain an injunction from any court of competent jurisdiction prohibiting the continuance or recurrence of any breach of this Agreement. The Consultant hereby submits to the jurisdiction and venue in the federal district court for the Central District of California and in the courts of the State of California in Orange County, California."

36.    During 2013 and 2014, miniOrange provided programming and related services to SecureAuth pursuant to the Consulting Agreement. ███████

█████████████████████████████████████████████

█████████████████████████████████████████████

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001



**Defendants' Access** ██████████████ **Under The Agreements**

37. █████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████

38. ██████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████.

39. ████████████████████████████████████████████
████████████████████████████████, the Parties entered into a

Nondisclosure Agreement. A copy of the Nondislosure Agreement is attached as

**Exhibit G**.

40. This NDA provides that miniOrange "will not make use of,

disseminate, or in any way disclose the Disclosing Party's Confidential

Information to any person or entity without the prior written consent of the

Disclosing Party…" (*See*, *Id.*, p.1.) Like the Consulting Agreement, the

Nondisclosure Agreement provides that a breach by miniOrange will result in

irreparable and continuing damage to SecureAuth for which there will be no

adequate remedy at law, and that SecureAuth shall be entitled to injunctive relief to

remedy such a breach. (*Id.* p. 2.)

41. Since April 2013, SecureAuth has paid miniOrange over $263,000 for

its consulting services.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

**Defendants' Wrongful Acts**

42.    In January 2015, SecureAuth learned that Defendants are planning to launch a software product ███████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████.  miniOrange learned about at least these unreleased features through its work for SecureAuth under its agreements with SecureAuth.

43.    ███████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████.

44.    SecureAuth has discovered documents accessible from miniOrange's website, http://miniorange.com/, which purport to be some form of manuals or user guides relating to miniOrange's upcoming product.  MiniOrange's website also indicates that they plan to exhibit their competing product at the upcoming RSA conference in San Francisco, California on April 20-24, 2015.  (**Exhibit H**.)

45.    One such document is the MiniOrange "Steps to Integrate miniOrange Custom Spring Authenticator" (**Exhibit I**), which is substantially a copy of the "SecureAuth Custom Spring Authenticator Setup" (Exhibit C) ████████████ ███████████████████████████████████████████████ ████████████.

46.    Another such document is the MiniOrange "Step by Step guide to setup a Tomcat VALVE for your web applications" (**Exhibit J**) which is substantially a copy of the "SecureAuth Tomcat Authenticator Setup" (Exhibit E) ███████████████████████████████████████████████████ █████████.

COMPLAINT – PUBLIC VERSION

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2112778v2/101893-0001

47.    In some instances miniOrange's documentation includes verbatim references to SecureAuth file names, username examples, a SecureAuth employee, the IdP platform and methodologies.

48.    The SecureAuth Works are unique to SecureAuth 

49.

50.    On information and belief, SecureAuth understands that Defendants intend to exhibit or launch their product at the upcoming RSA Conference set to be held in San Francisco, California from April 20-24, 2015.  RSA is the world's largest security information organization.  The organization's annual U.S. event is widely considered the largest and most important event of this kind, and is widely used as a stage for launching new products.

51. 

52.

53.    On information and belief, Defendants knew or should have known that using the SecureAuth Works to create derivative works, copy or reproduce without authorization was a violation of SecureAuth's copyrights in the SecureAuth Works.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

54.     On information and belief, Chandra, Kirti, Sushma and Does 1-10 personally participated, directed, controlled, ratified, were the moving force behind, and acted consciously, willfully, deliberately, and knowingly when they and miniOrange committed the wrongful acts alleged herein, injuring SecureAuth.

### COUNT I

### (Copyright Infringement)

55.     Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 54 above.

56.     SecureAuth is the rightful owner of the copyrights to the SecureAuth Works.   Attached collectively herein as Exhibits B-F are the respective copyright applications for the SecureAuth Works that have been filed with the United States Copyright Office.

57.     Defendants had access to the SecureAuth Works only subject to their confidentiality obligations under the Consulting Agreement and the Nondisclosure Agreement.  Defendants have no independent rights in the SecureAuth Works as any derivative works are SecureAuth's works as works-for-hire pursuant to the Consulting Agreement.

58.     SecureAuth never authorized Defendants to use, copy or create derivative works based on the SecureAuth Works, outside of the limited scope of providing service exclusively to and for the benefit of SecureAuth.

59.     By virtue of the facts alleged above Defendants are willfully infringing Plaintiff's copyrighted SecureAuth Works by copying substantial elements and portions of the SecureAuth Works.  These uses directly infringe SecureAuth's copyrights in the SecureAuth Works.

60.     Defendants' infringement has caused and will continue to cause SecureAuth irreparable and continuing harm unless preliminarily and permanently enjoined by this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-
COMPLAINT – PUBLIC VERSION
LITIOC/2112778v2/101893-0001

61.     Defendants' acts of copyright infringement have <u>also</u> caused harm to SecureAuth that may be compensable in money damages.  Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their infringement.  SecureAuth is entitled to statutory damages and/or its actual damages and the disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's SecureAuth Works in an amount to be established at trial.

62.     On information and belief, Defendants' infringement was willful in that they knew or should have known that their conduct would infringe SecureAuth's copyrights.  Defendants' willful infringement entitles SecureAuth to enhanced damages and attorneys' fees.

## COUNT II

### (Misappropriation of Trade Secret)

63.     Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 62 above.

64.     SecureAuth, as part of its business, has generated the SecureAuth Trade Secrets.  SecureAuth has taken reasonable steps to protect the confidentiality of the SecureAuth Trade Secrets, including without limitation:  restricting access to the SecureAuth Trade Secrets; restricting access to SecureAuth's premises and property; informing employees, officers, directors, independent contracts, and vendors that the SecureAuth Trade Secrets are confidential and must remain confidential and entering into confidentiality agreements with such persons; and by not publically disclosing the SecureAuth Trade Secrets.

65.     SecureAuth has expended significant money, time and energy working with customers, conducting implementations and understanding market needs to develop the SecureAuth Trade Secrets.  SecureAuth has and continues to derive actual and significant independent economic value from the SecureAuth Trade Secrets not being generally known to the public or to competitors.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

66.    Defendants acquired knowledge of the SecureAuth Trade Secrets, subject to their confidentiality obligations under the Consulting Agreement and the Nondisclosure Agreement, in connection with their work under the Consulting Agreement.

67.    On information and belief, Defendants have misappropriated and unlawfully used SecureAuth Trade Secrets.

68.    On information and belief, Defendants' misappropriation of the SecureAuth Trade Secrets has been willful, malicious, oppressive and/or fraudulent within the meaning of California Civil Code §3264 *et. seq.*, and with the intent to injure SecureAuth's business.

69.    Defendants' misappropriation of the SecureAuth Trade Secrets has caused and will continue to cause SecureAuth irreparable and continuing harm unless preliminarily and permanently enjoined by this Court.

70.    Defendants' misappropriation of the SecureAuth Trade Secrets has also caused harm to SecureAuth that may be compensable in money damages. Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their misappropriation.  SecureAuth is entitled to statutory damages and/or its actual damages and the disgorgement of Defendants' profits directly and indirectly attributable to Defendants' misappropriation in an amount to be established at trial.

71.    SecureAuth is entitled to its actual damages and the disgorgement of Defendants' profits directly and indirectly attributable to Defendants' misappropriation of the SecureAuth Trade Secrets in an amount to be established at trial.  Based on Defendants' willful and malicious conduct, SecureAuth is further entitled to injunctive relief, as well as enhanced, punitive, and exemplary damages, and attorneys' fees, for Defendants' wrongful conduct.

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

LITIOC/2112778v2/101893-0001

-16-
COMPLAINT – PUBLIC VERSION

## COUNT III

### (Unfair Competition from Confusion as to

### Endorsement, Origin, Sponsorship or Affiliation)

72.    Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 71 above.

73.    Defendants' affixing its "miniOrange" brand on ████████ ████████████████████████████████████████ constitutes reverse passing off, a false designation of origin and a false description or representation that have caused and are likely to cause confusion, mistake, or deception as to the origin, nature, characteristics and/or qualities miniOrange's goods and services.

74.    On information and belief, Defendants have intentionally and falsely designated the origin of their goods and services with the intention of deceiving and misleading the public at large, and of wrongfully trading on SecureAuth's skill, hard work and investment.

75.    Defendants activities complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to SecureAuth, its business reputation, and its goodwill, for which SecureAuth is without adequate remedy at law.  Such activities have and will continue to cause SecureAuth monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.  Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their false designations.

## COUNT IV

### (Breach of Contract)

76.    Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 75 above.

77.    SecureAuth and miniOrange entered into written valid, binding and enforceable contracts, the Consulting Agreement and the Nondisclosure

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1  Agreement, pursuant to which miniOrange agreed not to disclose, use, copy,
2  publish, or disseminate SecureAuth's confidential information and that all
3  derivative works based on SecureAuth's confidential information and the work
4  performed by miniOrange under the Consulting Agreement was the sole and
5  exclusive property of SecureAuth.

6       78.    SecureAuth has performed all of its material obligations under the
7  contracts, except those which it was excused or prevented from performing.

8       79.    Defendants materially breached the Consulting Agreement and the
9  Nondisclosure Agreement by, among other things, disclosing, using, copying,
10  publishing and disseminating SecureAuth's confidential information, and by
11  asserting ownership of copies or derivative works based on SecureAuth's
12  intellectual property in violation of the "work-for-hire" provision of the Consulting
13  Agreement.

14       80.    Defendants' breaches of the agreements have resulted in "irreparable
15  and continuing damage" to SecureAuth pursuant to the express terms
16  NonDisclosure Agreement and Defendants have agreed in the Nondisclosure
17  Agreement and the Consulting Agreement that damages will not be an adequate
18  remedy for such breaches, entitling SecureAuth to an injunction prohibiting the
19  continuance or recurrence of such breaches.

20       81.    Defendants' material breaches of the agreements have also caused
21  harm to SecureAuth that may be compensable in money damages in an amount to
22  be proven at trial.  Defendants have also been or will be unjustly enriched through
23  direct and indirect profits and benefits as a result of their breaches.

**COUNT V**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

26       82.    Plaintiff SecureAuth hereby incorporates by reference and realleges
27  each and every allegation of Paragraphs 1 through 81 above.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-
COMPLAINT – PUBLIC VERSION
LITIOC/2112778v2/101893-0001

83.     SecureAuth and miniOrange are parties to the Consulting Agreement, the terms of which are described in detail above and incorporated by reference herein.  The Consulting Agreement is a written valid, binding and enforceable contract.  The agreement contains an implied covenant of good faith and fair dealing whereby, among other things, miniOrange was required to use good faith in its performance of the agreement.

84.     SecureAuth has performed all of its material obligations under the Consulting Agreement, except those which it was excused or prevented from performing.

85.     Defendants breached the implied covenant of good faith and fair dealing in the agreement by, among other things, frustrating the purpose of the Agreements and creating a competing product ████████████████████ ████████████████████ while miniOrange was still consulting for SecureAuth.

86.     Defendants' breaches of the covenant of good faith and fair dealing have resulted in "irreparable and continuing damage" to SecureAuth pursuant to the express terms NonDisclosure Agreement and Defendants have agreed in the Nondisclosure Agreement and the Consulting Agreement that damages will not be an adequate remedy for such breaches, entitling SecureAuth to an injunction prohibiting the continuance or recurrence of such breaches.

87.     Defendants' material breaches of the covenant of good faith and fair dealing have also caused harm to SecureAuth that may be compensable in money damages in an amount to be proven at trial.  Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their breaches.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

**COUNT VI**

**(Unfair Business Practices – California Business and Professions Code §§ 17200 et seq.)**

88.    Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 87 above.

89.    By virtue of the facts alleged above, Defendants' wrongful conduct constitutes "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business & Professions Code §§ 17200*, et seq*.

90.    On information and belief, by way of their unlawful, unfair, and fraudulent conduct, Defendants have and continue to wrongfully receive and possess property, benefits, and direct and indirect profits.  SecureAuth seeks disgorgement of all property and benefits received by Defendants as a result of such conduct.

91.    Defendants' conduct as alleged herein has caused and continues to cause irreparable harm to SecureAuth's business, reputation and goodwill, entitling SecureAuth to injunctive relief and such other remedies as permitted under Section 17200, *et seq*.

**COUNT VII**

**(Fraud)**

92.    Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 91 above.

93.    SecureAuth alleges on information and belief that, on or about April 4, 2013 and November 7, 2014, Defendants miniOrange, Kirti Somani and Chandra Somani falsely represented to SecureAuth that they intended to perform consulting services to SecureAuth without breaching SecureAuth's confidences and without copying or misappropriating SecureAuth's protected intellectual property.  Such representations were false because, at those times, such Defendants

-20-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1  intended to breach SecureAuth's confidences and to copy or misappropriate

2  SecureAuth's protected intellectual property.

3      94.    In addition or in the alternative, such Defendants failed to disclose to

4  SecureAuth at these times that they intended to breach SecureAuth's confidences,

5  to copy or misappropriating SecureAuth's protected intellectual property, and to

6  launch a competing product based on such confidential and proprietary

7  information, with knowledge that these intentions were not known to and could not

8  be discovered by SecureAuth.

9      95.



10

11

12

13

14

15      96.

16

17

18

19

20      97.    SecureAuth was ignorant of the falsity of Defendants'

21  misrepresentations alleged above and of the material facts set forth above that

22  Defendants failed to disclose.

23      98.    On information and belief, Defendants made these misrepresentations

24  with knowledge of their falsity, or with such recklessness that their falsity may be

25  inferred.  With respect to their failures to disclose alleged above, Defendants knew

26  that the facts they failed to disclose were material to SecureAuth and that

27  SecureAuth was unaware of such facts.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-
COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

99.    On information and belief, Defendants intended that SecureAuth rely on these misrepresentations and/or failures to disclose in order to induce SecureAuth to enter into the agreements, ███████████████████████ ███████████████████████████████████████.

100.    SecureAuth did actually and justifiably rely on Defendants' misrepresentations and/or failures to disclose by entering into the agreements, ██ ███████████████████████████ ████████████████████████████████ ██████████████.

101.    Defendants' fraudulent conduct has caused and will continue to cause SecureAuth irreparable and continuing harm unless preliminarily and permanently enjoined by this Court.

102.    Defendants' fraudulent conduct has <u>also</u> caused harm to SecureAuth that may be compensable in money damages.  Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their fraud.  SecureAuth is entitled to damages and the disgorgement of Defendants' profits directly and indirectly attributable to Defendants' fraud in an amount to be established at trial.

103.    The above-described acts and conduct of Defendants were willful, malicious and oppressive and were undertaken with the intent to cause injury and damage to SecureAuth thereby justifying an award of exemplary and punitive damages.

**COUNT VIII**

**(Conversion)**

104.    Plaintiff SecureAuth hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 103 above.

105.    ██████████████████████████████████ ████████████████████████████████████████████████

**COMPLAINT – PUBLIC VERSION**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2112778v2/101893-0001

1 ████████████████████████████████████████████████

2 ███████████████████████.

3     106.   The benefits from these resources are the sole property of SecureAuth.

4     107.   In committing the wrongful and illegal acts alleged herein, Defendants

5 have seized SecureAuth's property and its related benefits, without SecureAuth's

6 consent, exercising wrongful dominion and control over said property, converting

7 it to their own use, for their own benefit.

8     108.   Defendants' conversion of SecureAuth's property has caused and will

9 continue to cause SecureAuth irreparable and continuing harm unless preliminarily

10 and permanently enjoined by this Court.

11     109.   Defendants' conversion has <u>also</u> caused harm to SecureAuth that may

12 be compensable in money damages. ████████████████████████████

13 █████████████████████████████████████████████

14 ██████████████████████████████████.

15 SecureAuth is entitled to damages and the disgorgement of Defendants' gains and

16 profits directly and indirectly attributable to Defendants' conversion in an amount

17 to be established at trial.

18     110.   The above-described acts and conduct of Defendants were willful,

19 malicious and oppressive and were undertaken with the intent to cause injury and

20 damage to SecureAuth thereby justifying an award of exemplary and punitive

21 damages.

22                     **PRAYER FOR RELIEF**

23     WHEREFORE, Plaintiff SecureAuth hereby prays for the following:

24     A.    Judgment that Defendants have willfully committed the acts of

25 copyright infringement, false designation of origin, unfair competition,

26 misappropriation of trade secrets, breach of contract, breach of the covenant of

27 good faith and fair dealing, fraud and/or conversion as alleged herein.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-
COMPLAINT – PUBLIC VERSION
LITIOC/2112778v2/101893-0001

1    B.    Issuance of a temporary restraining order, and preliminary and

2    permanent injunctions, enjoining and restraining Defendants and their officers,

3    agents, servants, and employees, and all those aiding or abetting or in active

4    concert or participation with them, from further wrongful conduct as alleged

5    herein; from further use of the SecureAuth Works, SecureAuth confidential

6    information, or works derived therefrom; and from launching a competing product

7    incorporating or derived from the SecureAuth Works or SecureAuth confidential

8    information.

9    C.    The immediate return of all SecureAuth Works, trade secrets and

10    confidential information, the destruction of any copies or reproductions or

11    derivative works, physical, electronic or digital, and the right to inspect any and all

12    business locations to confirm such return and destruction.

13    D.    Statutory damages and actual damages according to proof.

14    E.    Enhanced, punitive and exemplary damages as provided by law.

15    F.    Disgorgement of all gains, benefits or profits that Defendants have

16    derived from their possession or use of the SecureAuth Works

17    G.    Attorneys' fees and litigation expenses as provided by law.

18    H.    Costs of this suit.

19    I.    Interest.

20    J.    Such further relief as this Court may deem just and equitable.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

COMPLAINT – PUBLIC VERSION

LITIOC/2112778v2/101893-0001

1             <u>**DEMAND FOR JURY TRIAL**</u>

2       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

3 SecureAuth Corp. hereby demands a trial by jury on its claims.

4

5 DATED:  March 3, 2015           Respectfully submitted,

6                   STRADLING YOCCA CARLSON & RAUTH

7

8               By:

                    STEVEN M. HANLE

9                     DOUGLAS Q. HAHN

                    SALIL BALI

10                     Attorneys for Plaintiff

                    SecureAuth Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-25-

LITIOC/2112778v2/101893-0001